32 F.3d 569
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald W. ROBINSON, Plaintiff-Appellant,
v.
ABB COMBUSTION ENGINEERING SERVICES, INC., Defendant-Appellee.
 No. 93-3626.
 United States Court of Appeals, Sixth Circuit.
 Aug. 2, 1994.
 
 Before: KENNEDY and BOGGS, Circuit Judges; and HILLMAN, Senior District Judge.[1]
 PER CURIAM.
 
 
 1
 Plaintiff Donald W. Robinson (Robinson) appeals the dismissal of his employment discrimination case brought against defendant ABB Combustion Engineering Services, Inc. (ABB). On appeal plaintiff argues that the District Court abused its discretion by dismissing the case after he failed to attend a mediation conference. For the reasons stated, we REVERSE and REMAND to the District Court for further proceedings.
 
 I.
 
 2
 Defendant ABB performs maintenance, repair and construction projects at power plants and other sites throughout the United States. In May, 1991, ABB began a six-month project at the CEI plant in Eastlake, Ohio. Plaintiff Robinson is a laborer and a member of Laborers Union, Local 496. Robinson asserts that he applied for employment with ABB to work at the CEI site. Robinson further claims that he was not hired because of his race and in retaliation for numerous civil rights lawsuits he has previously filed against employers and his union.
 
 
 3
 On September 25, 1992, Robinson filed this employment discrimination lawsuit against ABB in which he asserts claims of race discrimination and retaliation under 42 U.S.C. Sec. 1981 and Ohio Revised Code Sec. 4112.99. Following the completion of discovery, the District Court referred the case to mediation pursuant to Local Rule 7:3.1 et seq. The mediation conference was scheduled to take place on April 7, 1993. On that date the Mediator, ABB's attorneys and Robinson's attorney assembled for the conference. At no time did Robinson advise the court, the opposing party, or his attorney of his inability to attend. Robinson, however, failed to appear. As a result, the mediation was cancelled. The Mediator drafted a report to the Judge stating that Robinson had failed to attend.
 
 
 4
 In the three weeks that followed the failed mediation conference, neither Robinson nor his attorney contacted the District Court to explain Robinson's absence from the mediation conference. On April 30, 1993, the District Court dismissed Robinson's case. The dismissal was entered pursuant to Local Rule 7:3.6. This timely appeal followed.
 
 II.
 
 5
 On appeal plaintiff contends that the District Court erred by dismissing his case. We review a district court's application of sanctions under an abuse of discretion standard. Link v. Wabash R. Co., 370 U.S. 626, 633 (1962); Harris v. Callwood, 844 F.2d 1254 (6th Cir.1988). An abuse of discretion is a "definite and firm conviction that the trial court committed a clear error of judgment." Davis v. Jellico Comm. Hosp. Inc., 912 F.2d 129, 133 (6th Cir.1990) (citation omitted). We find that the District Court abused its discretion by dismissing plaintiff's case without a specific finding that plaintiff's failure to attend the mediation conference was in fact willful and, in addition, without considering less drastic sanctions.
 
 
 6
 Local Rule 7:3.6, under which this case was dismissed, specifically requires a finding of willfulness before any sanction may be imposed. Local Rule 7:3.6 states:
 
 
 7
 Willful failure of a party to attend the mediation conference shall be reported by the Mediator to the ADR Administrator for transmittal to the assigned Judge who may impose appropriate sanctions. (Emphasis added).
 
 
 8
 Upon review of the record, we find that the District Judge, prior to the order of dismissal, failed to make a finding, as required by the rule, that Robinson's failure to attend the mediation conference was willful. The only evidence the District Judge had before him was the report from the Mediator which stated that "plaintiff failed to attend the conference on April 7, 1993." This report does not support a finding of willful conduct.
 
 
 9
 In the Sixth Circuit, we recognize that the sanction of dismissal for failure of an attorney to comply with a pretrial order should apply only in extreme situations. Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980). In this case, the failure to comply was plaintiff's. Nevertheless, to apply the sanction of dismissal, the Sixth Circuit requires a finding of a degree of willfulness, bad faith or contumacious conduct. Harris v. Callwood, 844 F.2d at 1256 (6th Cir.1988); Bishop v. Cross, 790 F.2d 38, 39 (6th Cir.1986). Further, as a general rule, parties should be put on notice by the court that noncompliance may result in dismissal. Harris, 844 F.2d at 1256. ("[I]n the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.' ") Finally, a district court, in the absence of a finding of bad faith, should apply the sanction of dismissal only after it has considered all the factors to be weighed before ordering dismissal. Kimsey v. Russell, 1988 WL 1365-40 (6th Cir.1988).
 
 
 10
 Here, the District Judge failed to put plaintiff on notice that willful failure to appear for mediation could result in dismissal. In addition, there has been no finding that the plaintiff engaged in bad faith and the lower court failed to consider less drastic sanctions. See Harris v. Callwood, 844 F.2d 1254 (6th Cir.1988). As such, we find that dismissal under Local Rule 7:3.6 was an abuse of discretion.
 
 III.
 
 11
 In the three weeks following the failed mediation conference, inexplicably neither Robinson nor his attorney supplied the Mediator or the court with any explanation concerning Robinson's failure to attend mediation. In addition, after the District Court dismissed his case, Robinson failed to seek reconsideration of that order under Fed.R.Civ.P. 60(b). Either step undoubtedly would have avoided this appeal. Consequently no costs or attorney's fees are awarded for this appeal.
 
 IV.
 
 12
 For the reasons stated, we REVERSE and REMAND to the District Court.
 
 
 
 [1]
 The Honorable Douglas W. Hillman, Senior United States District Judge for the Western District of Michigan, sitting by designation