Laaman v. Powell                    CV-75-258-SD  04/17/95
                UNITED STATES DISTRICT COURT FOR THE

                    DISTRICT OF NEW HAMPSHIRE


Jaan Laaman, et al


     v.                                   Civil No. 75-258-SD


Ronald Powell, et al


                         O R D E R


     This matter is before the court, following hearing, on an

"assented-to" motion for discovery conference, document 445,

together with plaintiffs' motion to compel, document 446.

Defendants have objected to the motion to compel, document 448.


1.  Background

     This is an action brought by inmates at New Hampshire State

Prison (NHSP) against supervisory correctional officials of NHSP.

By medium of a motion for contempt, plaintiffs charge the

defendants with failure to comply with the terms of a consent

decree, which purports to govern certain practices at NHSP.

Discovery has been detailed and ongoing, in preparation for what

apparently will be a bitterly contested trial on the merits.

     On December 21, 1994, plaintiffs filed a motion seeking

production of and testimony concerning the defendants' quality assurance (QA) documents and reports (document 440). The QA program at NHSP was established by paragraph 44 of the consent decree, and plaintiffs, inter alia, charge the defendants with failure to comply therewith.

Defendants objected to the motion to compel (document 443), and both sides thoroughly briefed the issues. The court carefully considered the respective arguments of the parties, and on February 9, 1995, issued an order which granted the motion to compel, subject to a stipulated protective order which was to be entered into between the parties (document 444, at 1-6). The inability or unwillingness of the parties to agree on the terms of such protective order has been a causative factor in the filing of the motions now at issue.

At the outset of the hearing on April 12, 1995, defendants' counsel advised the court that Ms. Marilee Nihan, current Director of Quality Information (QI) for the New Hampshire Department of Corrections (NHDOC) was present for the purpose of making her statement to the court. The court suggested that she be sworn to testify.

At this juncture, plaintiffs' counsel interposed, objected to any statements of the purported witness designed to request reconsideration by the court of its February 9, 1995, order, and

outlined the arguments of plaintiffs in support of the motion to compel. Defendants' counsel responded to these arguments and reiterated his suggestion that the court hear Ms. Nihan. As it developed that the witness intended only to read a prepared statement, the court and counsel reviewed such statement, and the court then caused that statement to be marked as Defendants' Exhibit A.[1]

Further inquiry from the court revealed that Ms. Nihan would have no testimony other than that set forth in her written statement. Defendants' counsel having no further arguments, the hearing terminated at this juncture.

## 2. Discussion

Plaintiffs have used, quite properly, a dual approach of seeking the QA documents by the medium of both answers to interrogatories, Rule 33, Fed. R. Civ. P., and requests for production, Rule 34, Fed. R. Civ. P.

Under certain circumstances, a party responding to interrogatories is granted the option to refer the interrogator to such of its business records as provide the information sought

---

[1]Review of Defendants' Exhibit A demonstrated that it was indeed a plea for reconsideration of the court's order of February 9, 1995. That plea is necessarily herewith rejected.

in the interrogatory at issue.  Rule 33(d), Fed. R. Civ. P.[2]  The prerequisites to the invocation of such option, however, require (1) that the burden of deriving or ascertaining the answer must be substantially the same for the interrogator as for the respondent; and (2) that the respondent specify the records from which the information may be derived or ascertained; that is, specify in sufficient detail to permit the interrogator to locate and identify, as readily as can the respondent, the records from which the answer may be ascertained.  4A MOORE'S FEDERAL PRACTICE ¶

---

[2]Rule 33(d), Fed. R. Civ. P., states,

> **Option to Produce Business Records.**  Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries.  A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

4

33.25[5.-1], at 33-114, -115 (Matthew Bender 1995); 8A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2178, at 328-38 (West 1994).

But where the option of Rule 33(d) is elected by the respondent in response to an interrogatory, the respondent may not claim a privilege as to some or all of the requested documents. Blake Assoc., Inc. v. Omni Spectra, Inc., 118 F.R.D. 283, 290 (D. Mass. 1988). In such instance, the respondent must answer the interrogatory in the traditional manner.

Under a Rule 34[3] request for production, however, the

---

[3]Rule 34(b) provides,

> **Procedure.** The request shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection and performing the related acts. Without leave of court or written stipulation, a request may not be served before the time specified in Rule 26(d).
> The party upon whom the request is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to

objection of privilege is preserved. 4A MOORE'S, supra, ¶ 34.15, at 34-63; 8A WRIGHT, supra, ¶ 2213, at 427-28.  But documents produced in response to a request are to be produced either "as they are kept in the usual course of business," Rule 34(b), Fed. R. Civ. P., or organized and labeled to conform with categories set forth in the request.  4A MOORE'S, supra, ¶ 34.05[1], at 34-32; 8A WRIGHT, supra, § 2213, at 429-32.

Accordingly, the current dispute must be viewed in the light of the above interpretations of both Rule 33(d) and Rule 34(b).  It further requires examination of the correspondence between the parties which followed upon the court's rendition of its order of February 9, 1995.

On March 3, 1995, plaintiffs' counsel forwarded a proposed stipulated protective order to defendants' counsel.  Document 446, Exhibit A.  This was apparently followed by a telephone conference and a second letter of March 9, 1995.  Id., Exhibit B.

_____

part of an item or category, the part shall
be specified and inspection permitted of the
remaining parts.  The party submitting the
request may move for an order under Rule
37(a) with respect to any objection to or
other failure to respond to the request or
any part thereof, or any failure to permit
inspection as requested.
   A party who produces documents for
inspection shall produce them as they are
kept in the usual course of business or shall
organize and label them to correspond with
the categories in the request.

6

In response, defendant's counsel on March 10, 1995, suggested amendments to the proposed protective order. Id., Exhibit C. Plaintiffs' counsel disagreed by letter of March 15, 1995. Id., Exhibit D.

By letter of March 17, 1995, defendants' counsel informed plaintiffs' counsel (a) that it believed that QA data from NHDOC facilities other than NHSP should be removed from any files inspected by plaintiffs' counsel; (b) that a coding system was already in place for use in any protective order; (c) that it would provide plaintiffs' counsel access to review of the QA files and to secure therefrom copies it desired; (d) that plaintiffs' counsel would not be allowed to take notes during the course of inspection of the QA documents; (e) that they would attempt to remove privileged documents prior to inspection and would create and furnish to plaintiffs' counsel a "privilege log" concerning such removed documents; and (f) that if defendants' counsel overlooked privileged documents, plaintiffs' counsel should agree that viewing of such documents by plaintiffs' counsel would not constitute a waiver of the privilege. Id., Exhibit E.

Plaintiffs' counsel responded on March 20, 1995. Id., Exhibit F. He suggested it was unreasonable to require him to review the QA files as corrected and that furnishing of copies

7

"as soon as possible" was also unreasonable. Id. While agreement as to a "privilege log" was had, plaintiffs' counsel would not agree to the assertion of a privilege with respect to any documents actually inspected by plaintiffs' counsel. Id. Plaintiffs' counsel also disagreed with the removal of documents concerning facilities other than NHSP as well as with the prohibition of note taking during the course of the review of QA documents. Id.

From what has been necessarily a somewhat overlong description of proceedings to this date, it can be seen that there is merit to the position of each party. The court, having considered these positions, and bearing in mind that plaintiffs are entitled to the information sought and that defendant is entitled to preservation of confidentiality, rules herewith as follows:

1. Within thirty (30) days of the date of this order, the parties shall enter into a stipulated protective order concerning the QA documents at issue in this case. At a minimum, such protective order shall contain stipulations that:

(a) Defendants within thirty (30) days of the date of this order may remove from the QA files at issue all materials it considers privileged and shall within the same period of time furnish its "privilege log" to plaintiffs' counsel. Thereafter,

8

defendants' counsel may not assert privilege as to any QA documents inspected by plaintiffs' counsel.

(b) QA documents from facilities other than NHSP shall be made available for inspection and copying by plaintiffs' counsel as their relevance to the instant proceedings is a matter to be taken up with the court prior to the commencement of the hearing on the merits of this action.

(c) Plaintiffs' counsel may take such notes as they desire during the course of inspection of the QA files, and copies of documents desired by plaintiffs' counsel shall be furnished to plaintiffs' counsel within two (2) weeks of the date of such request for copies.

(d) The parties shall include within the stipulated protective order such provisions for confidentiality as they desire, and dissemination of the documents here to be produced shall be limited as set forth in the court's prior order of February 9, 1995.

(e) The contents of the stipulated protective order are not necessarily limited to those set forth in this order, and

provided that the parties can agree on additional stipulations, they may include same in such protective order.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

April 17, 1995

cc: Alan Linder, Esq.
    Stuart H. Adams, Jr., Esq.
    Daniel J. Mullen, Esq.