**AMPEX CORPORATION and Ampex International, S.A., Plaintiffs,**

v.

**MITSUBISHI ELECTRIC CORPORATION, Mitsubishi Electric America, Inc., Mitsubishi Consumer Electronics America, Inc., Mitsubishi Electronics America, Inc., and Mitsubishi Sales America, Inc., Defendants.**

**Civil Action No. 95–582–RRM.**

United States District Court, D. Delaware.

Aug. 27, 1996.

**OPINION**

McKELVIE, District Judge.

## I. *FACTUAL BACKGROUND*

This is a patent infringement case. Ampex Corporation contends Mitsubishi Electric Corporation, Mitsubishi Electric America, Inc., Mitsubishi Consumer Electronics America, Inc., Mitsubishi Electronics America, Inc., and Mitsubishi Electric Sales America, Inc., (collectively referred to as "Mitsubishi") are infringing certain of Ampex Corporation's patents. In addition, Ampex Corporation and Ampex International, S.A. (collectively referred to as "Ampex") contend Mitsubishi Electric has breached an agreement by which Ampex had granted it a license to make, use, and sell the invention described in one of the patents.

Mitsubishi has denied infringement and Mitsubishi Electric has denied it breached the license agreement. In addition, Mitsubishi has asserted twenty affirmative defenses and has counterclaimed for a declaratory judgment that Ampex Corporation's patents are invalid and unenforceable and that Ampex's attempts to enforce these and other patents with the knowledge that they are invalid and unenforceable constitutes unfair competition in violation of California Business & Professions Code § 17200, *et seq.* Ampex has replied to Mitsubishi's counterclaims by denying that Mitsubishi is entitled to a declaratory judgment and denying that its efforts to license its patents constitute unfair competition. The case is scheduled to be tried to a jury beginning on March 31, 1997.

Mitsubishi has moved for an order compelling Ampex to produce documents Ampex contends are protected from disclosure by the attorney-client privilege or as work product. On May 31, 1996, the court directed Mitsubishi to designate a representative sample of 60 of the approximately 1,900 documents Ampex has withheld. Mitsubishi has designated those 60 documents, and Ampex has submitted copies of them to the court for *in camera* review. The parties have completed briefing on the motion. This is the

Josy W. Ingersoll, and John W. Shaw, Young, Conaway, Stargatt & Taylor, Wilmington, Delaware, Robert C. Morgan, and Marta E. Gross, Fish & Neave, New York City, Norman H. Beamer, and Kevin P.B. Johnson, Fish & Neave, Palo Alto, California, for plaintiffs.

Jack B. Blumenfeld, and Mary B. Graham, Morris, Nichols, Arsht & Tunnell, Wilmington, Les J. Weinstein, and Cheryl L. Johnson, Graham & James, LLP, Los Angeles, California, for defendants.

court's decision on one of the issues raised by Mitsubishi in support of its motion.

## II. *DISCUSSION*

*Has Ampex waived the protection of the attorney-client privilege by electing under Rule 33(d) of the Federal Rules of Civil Procedure to produce business records in response to an interrogatory?*

■ Mitsubishi served certain interrogatories on Ampex pursuant to Rule 33 of the Federal Rules of Civil Procedure. In Interrogatory No. 2, Mitsubishi asked Ampex to:

Identify all documents relating to any prior art reference with respect to any of the patents-in-suit.

Ampex responded with certain objections and answered:

... Subject to its objections, Ampex responds to this interrogatory as follows: Pursuant to Rule 33(d), F.R.Civ.P., Ampex will produce responsive, non-withheld documents from which the information called for by this interrogatory can be derived or ascertained when the parties exchange documents. Withheld documents will be appropriately identified on a schedule of withheld documents to be exchanged when agreed by the parties.

Pursuant to this response, Ampex produced to Mitsubishi copies of certain documents from Ampex's citation files, which were gathered by a patent agent for Ampex's in-house patent counsel. The files contain copies of prior art references counsel reviewed in connection with opposition proceedings in the prosecution of the German counterpart to one of Ampex's patents. Ampex withheld from production copies of certain documents in the citation files, reporting that counsel had made notes on them and contending that they were, therefore, protected from disclosure in discovery by the attorney-client privilege. Ampex gave Mitsubishi a list of the references that would otherwise be identified if the documents were produced.

Mitsubishi has moved for an order compelling Ampex to produced the marked-up copies of the documents in its citation files, contending Ampex waived the protection of the attorney-client privilege when it elected the option under Rule 33(d) not to answer the interrogatory and instead produced business records. Rule 33(d) reads:

(d) *Option to Produce Business Records.*

Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

In support of this argument, Mitsubishi relies on the decision in *Blake Associates, Inc. v. Omni Spectra, Inc.,* 118 F.R.D. 283 (D.Mass.1988). In *Blake Associates* the plaintiffs had apparently answered interrogatories by relying on Rule 33(c) (now Rule 33(d)) and at the same time withheld as privileged documents that contained the responsive information. It was in that context that the court wrote:

It does not take a great deal of cognitive thinking to realize that it is improper to invoke Rule 33(c) in answer to interrogatories and then claim that some or all of the documents containing the information are privileged and not subject to disclosure. If a party is going to invoke Rule 33(c), the party must be prepared to allow inspection of the documents which contain the answers to the interrogatories. If a party is going to claim a privilege with respect to documents, the party cannot use Rule 33(c); rather, the party must answer the interrogatory in the traditional manner.

■ It appears the court in *Blake Associates* may have misstated the relationship be-

tween what is now Rule 33(d) and a party's right to protect privileged documents from being disclosed in discovery. Rule 33(d) gives a party an option to answer an interrogatory by producing documents from which the answer may be derived or ascertained. So long as a party electing the Rule 33(d) option provides documents from which the answer may be derived or ascertained, there should be no reason why that party need produce all documents that may refer or relate to the information sought by the interrogatory, nor should there be any reason why that party need disclose documents that may otherwise be protected from disclosure in discovery. For example, if two documents identify the same facts that would answer the interrogatory, and one of those documents would otherwise be protected from disclosure as privileged, an answering party would satisfy Rule 33(d) and provide the answer by producing a copy of the document that is not privileged. It is not correct, therefore, to say that a party cannot elect the option to produce documents under Rule 33(d) and at the same time withhold documents as privileged. It would be more accurate to say that a party cannot elect the option under Rule 33(d) to produce documents and then withhold as privileged documents so as to prevent a party from ascertaining or deriving the answer.

It appears Ampex has met its obligation under Rule 33(d). Interrogatory No. 2 asks Ampex to identify documents relating to prior art references with respect to the patents-in-suit. With regard to the documents in its citation files, Ampex has either produced or identified those documents. While Ampex may have other documents in those files that refer or relate to the prior art references, so long as it has produced or identified the documents sought it has met its obligation under the rule to make documents available for inspection from which the answer to the interrogatory may be derived.

The court will issue an Order in accordance with this Opinion.